UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, et al. ) ) ) Plaintiffs, ) ) v. ) ) SCHIELEIN & SONS ) CONSTRUCTION LLC, DAWN ) SCHIELEIN, ) ) Defendants. ) | Civil No. 13-3374 |

**OPINION ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT SCHIELEIN & SONS CONSTRUCTION LLC**

SUE E. MYERSCOUGH, U.S. District Judge:

Before the Court is the Plaintiffs' Motion for Final Default Judgment against Defendant Schielein & Sons Construction LLC (d/e 28). The Court has reviewed the Plaintiffs' Memorandum in Support (d/e 29) and all of the exhibits attached thereto. The Motion (d/e 28) is GRANTED.

Accordingly, it is hereby ordered that default judgment is entered in favor of the Plaintiffs and against Defendant Schielein &

Sons Construction LLC in the amount of $43,836.71, representing delinquent contributions; $5,958.19 in interest; $4,383.67, representing liquidated damages[1]; $1,520.50 in audit costs; and $11,487.00 in attorneys' fees and costs; for a total of $67,186.07.

The Defendant's address is 7722 W. Mohawk Trail, Peoria, IL 61604.

ENTER: June 30, 2015.

                                           s/ Sue E. Myerscough
                                           SUE E. MYERSCOUGH
                                           UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the Plaintiffs did not provide adequate support for their request for liquidated damages in their Motion for Default Judgment. In the Plaintiffs' Memorandum in Support of Motion for Final Default Judgment (d/e 29), the Plaintiffs stated that "[i]t is the policy of the Funds to charge ten percent Liquidated Damages" and requested $4,383.67 in liquidated damages. The Plaintiffs supported this assertion with the affidavit of Matthew Patterson, the Director of the Employers Contribution Department of the Central Laborers' Pension Fund. However, the only support that Patterson's affidavit offers is the statement that "[w]hen a contributing employer becomes delinquent, it is the policy of the Funds to charge Liquidated Damages in the amount of ten percent (10%) of the contributions due." Affidavit of Matthew Patterson, d/e 29-3. Neither the Memorandum nor Patterson's affidavit explained why the Plaintiffs are entitled to charge this amount for liquidated damages. After reviewing the docket, however, the Court was able to locate the participation agreement and the trust documents for the Plaintiff Funds, which do provide for the payment of ten percent liquidated damages. See Exhibit A to Complaint, d/e 1-2 at 4 ¶4; Exhibit B to Complaint, d/e 1-3 at 4.